The last case on for argument today is United States v. Perry. Good morning, Your Honors. May it please the Court. My name is John Casey. I'm here on behalf of Appellant Marcel Perry. Detective Regan was the sole witness at the hearing, and our contention is that he You had a question that helped me at the outset, and that is, supposing you're right, you went on the appeal, what happens, what procedurally happens? We send it back to the district court to do it right? Because you're saying they did it wrong. I believe if it's based on an insufficiency of the evidence, I would argue that it's reversed, and they weren't able to prove it, so the finding should be that there was no violation, and there wouldn't be a new hearing. I understand the government, I believe their position is, if it's based upon the fact that he allowed the hearsay in, then Not only allowed it, but allowed it and depended on it. And depended on it, then they would argue, I believe, that it goes back for a hearing. You can let them argue that. But I would say, there was really no reason given, it never came up, but there was no reason given why Detective Regan was the only person called. I understand that, I'm just wondering, and then what do we do? I would submit that the government had their one shot, and it should just be a finding that they didn't prove criminal possession of marijuana in the fourth degree as a violation, and there should not be a rehearing. Detective Regan really only had half of the proof, or at least testified to half of the proof, that we say would be necessary for a finding. He was the arresting officer, he ran into the building, cuffed Mr. Perry, and then in his testimony, he said that Detective Kromzak retrieved an item from the garbage can. The hearsay statement that did come in in the report says that Detective Kromzak weighed it and sampled it with a field testing. Detective Regan testified that he was present, I believe, when it was weighed, but when we read his testimony, he basically has, there's a disconnect between him and the marijuana that was allegedly found. There's no photograph in the record of the packaging or the marijuana itself, and there was no reason given why one of these other officers could not come to close the circle and present that proof. So if we determine that it was all right for Judge Sharp to have relied on the testimony that he was present when the weighing occurred, that testimony is an observation of the fact that it was weighed, however it was characterized one way or another in the initial presentation. Correct. So what's missing here? It still wouldn't tell us that it was marijuana. It still wouldn't tell us. There was no testimony about being present during the field test? I don't believe so, but the field test is not the ultimate. There was no laboratory testing done, so I believe the field testing itself wouldn't be sufficient. Even for a violation of supervised release? I would say not, Your Honor, because even with the lower standard of preponderance of the evidence, a field test of itself, again, might prove marijuana, but then there's also the weight element, and it's from my reading of the record, we can't make the leap that he observed the weight, observed it weighed, and also saw that the field testing was done. It seems that it was information that was conveyed to him, which would make sense if he arrested — I mean, he even says in his testimony that he said get that out of the can because he had Mr. Perry in handcuffs. And then even the report, it says, refers to Detective Kromzak weighing it and field testing it. Whether Detective Regan could have said that at the hearing, he just — he didn't on the record, so I would say that the proof was lacking in that regard. But it would not be hearsay if Detective Regan saw what the scale registered and saw the result of the field testing. I would agree with that. And I think he said that he was just — he was present at the time, which could mean a lot of things. He said he didn't participate in doing it. It was a laundromat. I mean, he wasn't doing his laundry. He was obviously attending to the arrest. So I mean, when you say he was present, I mean, he was present doing what Officer Kromzak was also doing. Our reading — my reading of the record doesn't give him that much of a benefit of the doubt you're on, right? What was it wrong for Judge Sharp to have interpreted, inferred from the testimony, what I think Judge Jacobs has laid out in my view as non-hearsay testimony, that these various things occurred or were effected? I believe that he — that inference was not a proper inference based upon both the direct and the cross-examination. And it wasn't even really clear — he didn't really say where the field testing occurred. Was it back at the station? Was it right there in the laundromat where he made the arrest? So it was not sufficiently established to make that inference. I know it didn't happen in this case, but I'm just curious, since we're all headed — nationally headed down the path of seeing more and more marijuana virtually every place you turn around, don't you think we're getting to the point where even the citizen on the street can say, you know, walks like a duck, talks like a duck, smells like dope to me, and I can tell you it's marijuana? If the violation was just marijuana without a weight requirement, it might be a different question. But here there was the two ounces. And without the physical evidence and without an officer who actually picked it up and did the testing, I would agree we'd have a different story if it was just — he was just charged with marijuana. It might be closer. Did Detective Officer Regan say that he knew it was — testified that it was marijuana but not as to the amount? He said he called it a bag with two bags in it with a leafy green substance, but he didn't say it was marijuana. Leafy green substance. The question is — sorry, but did it smell like it's going to smell when you walk out the front door here? Was there anything that said it's a leafy green substance that — something beyond leafy — maybe that's now a term of art, leafy green substance, another way of saying marijuana. But is there anything beyond leafy green substance that he said to the judge that says he knew it was marijuana, let alone two ounces? I did not see that in the record. And maybe based on what he said, there was a reasonable cause to believe and to make those findings. But again, at the hearing, he was not the individual that should have testified to that. It may be that leafy green substance now, if you see it and you see it under those circumstances, it's reasonable to deduce that it's — Perhaps. It's more probable than not that it's marijuana. Perhaps. The other issue that we have in this case is the underlying criminal charge was dismissed, which we don't know why, but again, there was nothing underlying it to say that this ever was tested in a lab to determine that it was marijuana, Your Honor. Thanks, Mr. Casey. You've reserved two minutes for rebuttal. Thank you. Mr. Silver. Thank you, Your Honors. May it please the Court, in our brief, we have in quotes the following testimony from Detective Regan. I always feel like my adversaries are basketball players. I never got past ping-pong. I feel good. You were the point guard. Thank you, Your Honor. It is this quote, and I have it in quotes, and it's from the testimony at the appendix, page 35. It's in our brief at page 8, and this is Detective Regan's testimony. It was two plastic sandwich bags with a vegetation substance which we field-tested and which we later field-tested and weighed with a positive result for marijuana. So it was a little bit more than just a physical description of what was seized, leading to the conclusion that it was marijuana. It was the field test. The word we? Yes. I'm going to assume it wasn't the judicial we, I suppose. I mean, that's a ‑‑ okay. It is ambiguous. I mean, it's obviously not the royal we. And I can't see two people simultaneously field-testing this thing. It was obviously done by one of them, and this witness is not saying which one did it, and it seems to be the other one. And while you can, under certain circumstances, attribute the knowledge of one police officer to another for probable cause or for other kinds of reasons like that, what is there that tells us that Regan himself observed the positive result of this test? Well, he went so far as to say it was the other detective who actually conducted it. Yes, Kromchak. And that he was physically present when that occurred. And I think it is a fair inference from that testimony that he wasn't physically present with his back turned to the events that were occurring, or at least that's a permissible inference. And he certainly never couched his testimony as this is what the detective told me about the field test that he conducted. So I don't think it's been established that it was hearsay testimony that he was providing. To what extent is this hearsay issue live or critical in a proceeding that involves the violation of supervised release? Well, it's problematic. I'll speak maybe personally. It's problematic because the rule sets out a procedure to be followed. And in my experience, it is too often not followed. That said, had the balancing been done in this case, if this was hearsay testimony, it would not have been, in my opinion, an abuse of discretion to allow it. Well, should it be then you're slowly sort of going towards my initial question, was if your adversary is right, what do we do? Do we send it back down for them to hear further testimony, or do we say we reverse it? It wasn't proved. If you're saying that my adversary is correct because the testimony was hearsay and the district court failed to engage in the proper balance, I believe the remedy is to remand it, not to dismiss the petition. Because? Because there isn't a finding that the evidence is sufficient. There is a quotation. Why not reverse? They did it. It was insufficient evidence. Why isn't that a reversible error rather than try again? Because I think evidentiary errors routinely in the criminal context and the trial context that are found to have occurred do not result in a reversal. Because there is sufficient evidence here for the district court to have concluded that this violation occurred, but that evidence maybe should have been evaluated differently. There should be no finding by this Court, in my opinion, respectfully, that the evidence was insufficient. Perhaps that should result. If it's – if it's – supposing it's all hearsay, that would be insufficient evidence, wouldn't it? I mean, you're saying it's hearsay, so it's – it goes to sufficiency, even though it's not admissible. I don't quite follow that. I'm not sure I'm following you either, Your Honor. I apologize. The case is probably my fault. I doubt that. But my point is, if you look at Regan's testimony, there is no question but that the events he describes are sufficient to establish a violation of the statute in issue. The only question is, was that evidence wrongly admitted? Like, perhaps in a criminal trial, evidence should have been suppressed but wasn't. So the evidence comes in. It was necessary for the verdict. And that's – that's a little different. The problem with that analogy, Mr. Silver, it seems to me, is if on the suppression issue you turn around and say that evidence shouldn't have come in, then we look at the record absent that evidence. Is there a double jeopardy issue here? I tried to determine if there was a double jeopardy issue here for a different reason, and I'm going to go a little far afield if you don't mind. Oh, please. I don't think this was charged properly as a supervised release violation because we have ensnared ourselves in the intricacies of New York State law. Simple possession of marijuana by someone like – which is readily established, I think, by someone like Mr. Perry, who is a prior drug felon, is a felony and a much easier matter to discuss and prove. Felony under Federal law? Yes. Yeah, right. Okay. So – Regardless of quantity. Correct. Simple possession by a drug felon is a felony possession. So you're saying it would be enough that Regan saw this fellow dash into the laundromat, stuff a parcel into the garbage bin, cover it over, and then have his partner pull it out and see that it is, to all aspects, marijuana? Right. Now, there wasn't – yeah. Would that be enough? Is that what you're arguing? Without weighing it and without field testing it? Had we charged it differently, I believe is your question? Yes. Yes. Yes. Simple possession. Mr. Perry has a prior drug felony conviction. What's different now? The difference now is that we had to prove the weight, which comes in through Detective Regan's testimony. I – And your problem is that one of the officers saw him go in and stuff the thing into the garbage bin, and the other one did the weighing. So you would have had to have two officers there. Well, I would submit to Your Honor that Detective Regan saw the evidence being placed in the garbage can, was there to see the other detective take it from the garbage can, and was there to see the other detective field test it and weigh it. I think that's a fair interpretation of the evidence. In Mr. Casey's reply brief, he raises for the very first time – I mean, you could see somebody take a test and not – and if you saw somebody take a test, that doesn't mean they passed. So you can see something's field tested, but that doesn't mean you know what the test is. You saw the meter or the change of color or whatever the field test is designed to disclose. That's right. And Detective Regan testified we field tested it, and it was a positive result for marijuana. So, I mean, there's nothing to indicate that he did not participate in that process. In the immortal question, who's we? He and Detective Kromchak. I mean, that, you know – Mr. Casey raises for the first time in his reply brief the element of the State offense, which was not discussed below or in his opening brief, that the defendant has to know the quantity that's involved. So I would ask the Court to deem that waived. But to the extent the Court will consider it, I think it's reasonable to say that the district court could find, by preponderance of the evidence, based on the defendant's actions. And even though under State law, furtive actions may not be admissible to show Obviously, the defendant handled the package, which is a permissible consideration under State law to the extent we might be bound by those considerations. One of the arguments below was that the evidence is insufficient because my client never failed a drug test, which, from the prosecutorial perspective, would lead one to the conclusion that he wasn't using this marijuana. He was selling the marijuana. We know that he was arrested based on the two violations in the probation petition for sales of marijuana. And my point being that one who sells marijuana would know what the quantity is because he's selling it for a particular amount of money. Mr. Perry has two prior arrests for unlawful possession of marijuana. He has a prior conviction for possession of controlled substances, a prior conviction for sale of controlled substances. And he was convicted, the underlying prosecution here was for a RICO conspiracy whose principal objective was the sale of drugs. I suggest that were we to slice what may or may not be a Gordian knot and say, okay, take it back, have the other two guys testify, and then do it again, all of the real issues, I mean, that's the assumption. And that's the Gordian knot, perhaps. But if we did that, you'd have two other people, and it would all come out the same way. Presumably. See, I'm making the same mistake, the trial judgment. I'm assuming it's, oh, it's hearsay, but it's probably correct. Maybe it isn't, you know. I don't know. I'm sorry. Thank you, Your Honors. Thank you, Mr. Silver. Mr. Casey. I think the problem with saying that this would be harmless error is that the hearsay that came in through the police report in connection with the testimony that was given and the fact that he says we, then admits on cross that he did not weigh it, that he did not field test it, but he was merely present when it was weighed, it's hopelessly confused. It's impossible to say whether it did affect not only the witness' testimony about what he gave, about what happened, but also whether the same finding would have been made without the hearsay police report. And I do believe Judge Sharp probably felt that, well, they could do it. Even if they didn't really prove it, they could. Why wasn't it an inference available to the fact finder that when a person says we field tested it and it was marijuana, that that person observed the test in sufficient way to ascertain that the result was positive? Why does the finder of fact have to assume that that's based on what someone else said when Officer Regan was right there in the laundromat? Well, I think the reason is because here it's not clear that Detective Regan was saying that he was told what he was there, but was then told that it was marijuana, so there was hearsay. He didn't say. That's right. He didn't say I was told it is. He said we field tested it and it was. So why isn't it an available inference that he saw that it was? Or just the flip of that is why is it an impermissible inference for Judge Sharp to have? I believe because the use of the term we and the conflicting hearsay evidence that said another officer did it doesn't allow . . . isn't enough to allow that inference. Okay. Thank you, Your Honors. Mr. Casey, are you a member of the panel? I am not, Judge. I was looking at the . . . I'm a member of the panel in the Northern District, but not here. I was looking at how do you apply for that, so I was thinking of doing that. Well, thank you for your service on the Northern District panel and put in an application the next time they're advertised. Okay. Thank you. No guarantees on that, but thank you. I don't even know if I have enough. They want like five appeals, so I don't know if I meet the . . . Well, you're right up there next to the Court of Appeals. I'm going to argue the first appeal tomorrow. And, Mr. Silver, I want to say I've over the years appreciated your offices, but in particular your candor with the court in these discussions that we've had over time. So it's always a pleasure having you guys from upstate. I feel like your neighbors. I'm just over in Vermont, so thank you. Thank you. We'll take this case under advisement. The following two cases are U.S. v. Anderson and Gorin-Wardena v. New York State Workers are on submission, so please adjourn the court.